Sandford L. Frey (State Bar No. 117058)
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *sfrey@leechtishman.com*

(Proposed) Attorneys for Rodney William Place, Jr.
Debtor and Debtor-in-Possession

### UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

In re

**RODNEY WILLIAM PLACE, JR.,**

Debtor and Debtor-in-Possession.

CASE NO.: 2:24-bk-40240-WJL

**Chapter 11**

**APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(D)(1)**

[11 U.S.C. § 362(d)(1)]

[No Hearing Required]

**TO THE HONORABLE WILLIAM J. LAFFERTY, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS, AND THE UNITED STATES TRUSTEE:**

Applicant, Rodney William Place, Jr., Debtor and Debtor in Possession ("**Debtor**"), hereby applies for an order pursuant to subsection 362(d) of title 11 of the United States Code (the "Bankruptcy Code") modifying the automatic stay to permit the Debtor to continue its appeal captioned: Anton Building Company v. Envision4 Construction Systems et al, pending in the Court of Appeal of the State of California, First Appellate District, Division 5, Case No. A169540, and in

1

4887-0102-6478, v. 2

support of this application ("**Application**"), respectfully represents as follows:

**I.    JURISDICTION AND VENUE**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory basis for the relief requested herein is 11 U.S.C. § 362.

**II.    BACKGROUND**

1. This bankruptcy case ("**Case**") was commenced by the filing of a Voluntary Petition by the Debtor under Chapter 11 of Title 11 of the United States Code (beginning at 11 U.S.C. § 101, *et seq.*, "**Bankruptcy Code**") on February 20, 2024 ("**Petition Date**") [Docket No. 1].

2. The Debtor is an individual. The Debtor intends to operate as a debtor in possession. As of the date of this Application, no creditors committee has been appointed in this case.

3. In 2020, the Debtor filed a joint chapter 7 bankruptcy case with his wife, Delani Place. Debtor received a discharge in his chapter 7 case in September 2020.

4. The Debtor was formerly the principal of Envision4 Construction Systems Inc., ("Envision4") an entity that entered into a subcontractor agreement with Anton Building Company Inc., ("Anton") in 2019. The Debtor was not a guarantor of the subcontractor agreement.

5. In October 2021, Anton commenced an action ("Action") against Envision4 and the Debtor, by the filing of a summons and complaint, asserting various causes of action including breach of contract, money had and received, conversion and negligence. Anton purportedly personally served the summons and complaint on the Debtor, which service the Debtor disputes. The Debtor contends that service was not effectuated and that he was never served with the original summons and complaint or otherwise made aware of the commencement of the Action.

6. As a result of his never having been served with the summons and complaint, the Debtor did not interpose an answer or otherwise appear in the Action.

7. In or about July 2022, Anton requested entry of a default judgment against the Debtor. Debtor received the request for entry of a default judgment by mail, which was the first time he was made aware of the existence of the Action.

2

4887-0102-6478, v. 2

8. A default judgment ("Default Judgment") was entered in August 2022 in the amount of $4,453,769.99. Notice of entry of the Default Judgment was filed on or about August 31, 2022. The Debtor received notice of entry of the Default Judgment by mail.

9. In addition to his not being a guarantor of the subcontractor agreement, due to the timing of the commencement of the Action, the Debtor believed any claim made by Anton against him personally would be subject to his 2020 bankruptcy discharge and Debtor therefore referred the matter to his then bankruptcy counsel and operated under the belief that the matter was resolved. However, Anton contends that its claim allegedly arose after the bankruptcy discharge (although there has been no judicial determination of that issue as of yet). Therefore, the Debtor sought new bankruptcy counsel and litigation counsel to address the Default Judgment and seek to have it set aside.

10. Debtor submits he was never personally served with the summons and complaint or any other pleading in the Action. A motion to set aside the Default Judgment on the basis that Debtor was not properly served; did not have actual notice of the Action in time to assert a defense; and any failure to defend was due to mistake, inadvertence or excusable neglect was denied in November 2023.

11. After entry of the Default Judgment, Anton aggressively sought to collect on the Default Judgment and has repeatedly attached the Debtor's bank accounts. Anton assigned the Default Judgment to The National Collection Agency, Inc. ("NCA") on February 6, 2023. In December 2023, NCA filed a motion seeking a charging order as against certain of the membership interests the Debtor owns in various limited liability companies. A hearing to consider the motion seeking a charging order was scheduled for February 22, 2024, and was attended by Debtor's intended special litigation counsel who notified the Court of the commencement of the Debtor's Chapter 11 case and the operation of the automatic stay. The matter is now calendared for a status conference on August 20, 2024 at 2:30 p.m.

12. The Debtor's Petition was filed on an emergency basis to combat the aggressive collection efforts of Anton and now its successor by assignment, NCA including recently seeking a charging order as against certain of the membership interests the Debtor owns in various limited

liability companies in order to collect on the Default Judgment, which NCA claims has now increased to in excess of $5,000,000 due to the accumulation of interest charges and other costs.

13. The collection efforts of Anton and NCA directly threatened the value of the Debtor's assets and interests, leaving the Debtor with no alternative other than to seek Chapter 11 protection to preserve the value and reorganize his financial affairs.

14. The Debtor filed his schedules and statement of financial affairs on March 5, 2024 [Docket No. 16].

15. The Debtor continues to dispute the validity of the Default Judgment and wishes to pursue the appeal, subject to this Court's granting stay relief in order for the appeal process to move forward unimpeded. Debtor's notice of appeal was timely filed on or about January 1, 2024 and the case information statement filed on February 7, 2024. If the appeal of the order denying the motion to set aside the Default Judgment is successful, it has the potential to substantially reduce the amount of asserted secured debt asserted against the Debtor, which in turn will directly impact the Debtor's proposed plan and the creditor distributions proposed therein.

### III. RELIEF REQUESTED

16. Debtor requests the Court enter an order modifying the automatic stay to permit the appeal to go forward and grant such other relief as is just and proper. The Debtor submits that because it is the party pursuing the appeal, the automatic stay should not apply, however, out of an abundance of caution, and to ensure that the Debtor is permitted to pursue the appeal, he is requesting that the Court modify the automatic stay to permit him to proceed with the appeal. The Debtor seeks modification of the automatic stay for cause under Section 362(d)(1) of the Bankruptcy Code, which provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause…

17. While "cause" is not defined in the Bankruptcy Code, Courts in this district analyze requests for stay relief on a case-by-case basis, utilizing the 12 non-exclusive factors identified in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). The Curtis factors are:

    a. whether the relief will result in a partial or complete resolution of the issues;

    b. the lack of any connection with or interference with the bankruptcy case;

    c. whether the foreign proceeding involves the debtor as a fiduciary;

    d. whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has expertise to hear such cases;

    e. whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

    f. whether the action essentially involves third parties, and the debtor functions as a bailee or conduit for the goods or proceeds in question;

    g. whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

    h. whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

    i. whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

    j. the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

    k. whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

    l. the impact of the stay on parties and the "balance of hurt."

*Curtis*, 40 B.R. at 799-800.

18. The applicable *Curtis* factors in this case weigh in favor of granting the Debtor stay relief in order to pursue the appeal.

**Whether the relief will result in a partial or complete resolution of the issues**

19. Allowing the appeal to proceed will result in partial or complete resolution of the issues as it will determine if the motion to set aside the Default Judgment should have been granted, providing the Debtor with the opportunity to defend himself in the Action. Success at the appellate level has the potential to substantially reduce the amount of the Default Judgment which will benefit the Debtor and his estate and creditors, including in connection with the Debtor's plan and the length of time payments will be made under the plan.

### The lack of any connection with or interference with the bankruptcy case

20. While there is a close connection between concluding the appeal and this bankruptcy case, allowing the appeal to proceed will not interfere with the case herein. Debtor intends to propose his plan of reorganization in a timely manner and to utilize his disposable income to fund plan payments. While the amount of any claim by NCA will impact the aggregate plan payments and potentially the length of time payments are proposed to be made under the plan, the appeal will not interfere with the bankruptcy case and the Debtor's progress towards confirmation of his plan.

### Whether the foreign proceeding involves the debtor as a fiduciary

21. This factor is inapplicable to this case.

### Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has expertise to hear such cases

22. Allowing the appeal to proceed permits the appellate court, the tribunal with expertise to hear such matters, to rule on the issues related to the motion to set aside the Default Judgement.

### Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation

23. This factor is inapplicable to this case.

### Whether the action essentially involves third parties, and the debtor functions as a bailee or conduit for the goods or proceeds in question

24. This factor is inapplicable to this case.

### Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties

4887-0102-6478, v. 2

25. Allowing the appeal to proceed will not prejudice the interests of other creditors or interested parties. All of the Debtor's creditors will benefit from the adjudication of the appeal as it relates to the Debtor's plan and the payment and timing provisions to be contained therein.

**Whether the judgment claim arising from the foreign action is subject to
equitable subordination under Section 510(c)**

26. This factor is inapplicable to this case.

**Whether movant's success in the foreign proceeding would result in a
judicial lien avoidable by the debtor under Section 522(f)**

27. This factor is inapplicable to this case.

**The interest of judicial economy and the expeditious
and economical determination of litigation for the parties**

28. Allowing the appeal to proceed will promote judicial economy and an expeditious ruling all of which inure to the benefit of the Debtor, his estate and creditors, including NCA.

**Whether the foreign proceedings have progressed to the point
where the parties are prepared for trial**

29. The notice of appeal was timely filed, but no other activity has taken place in the appeal.

**The impact of the stay on parties and the "balance of hurt"**

30. Allowing the appeal to proceed will advance the matter to conclusion, whether the ruling is favorable to the Debtor or not. The resolution of the appeal will determine the amount, if any, to be paid to NCA on account of its claim and impact the length of creditor payments to be proposed under the plan.

31. Should the Debtor prevail at the appellate level, there will be a significant benefit to the estate and creditors as a significant secured claim may be substantially reduced, thus maximizing the return to other legitimate creditors.

32. Overall, the Debtor submits that an analysis of the applicable *Curtis* factors supports the granting of stay relief and that sufficient cause exists for the Court to modify the stay in order for the appeal to proceed until it is fully adjudicated. The Debtor believes that it is in his best interests and the best interests of his estate that he be allowed to continue the Appeal and pursue a resolution

4887-0102-6478, v. 2

that only serves to benefit the Debtor's estate.

## IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that an order be entered modifying the automatic stay provisions of Section 362 of the Bankruptcy Code in order for the appeal to proceed until it is fully adjudicated.

Dated: April 2, 2024

_____
Rodney William Place, Debtor and Debtor in Possession

Presented by:
Leech Tishman

By: _____
Sandford L. Frey

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**200 S. Los Robles Avenue, Suite 300 Pasadena CA 91101.**

A true and correct copy of the foregoing document entitled **APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(D)(1)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 2, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reno F.R. Fernandez**  reno@bindermalter.com, ecf@macfern.com
- **Sandford Frey**  sfrey@leechtishman.com, lmoya@leechtishman.com
- **Robert G. Harris**  rob@bindermalter.com, RobertW@BinderMalter.com
- **Paul Gregory Leahy**  Paul.Leahy@usdoj.gov
- **Catherine Leon**  cleon@dir.ca.gov
- **Office of the U.S. Trustee/Oak**  USTPRegion17.OA.ECF@usdoj.gov
- **Lori Schwartz**  lschwartz@leechtishman.com, nmeyers@leechtishman.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **(date)**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2024 | Lydia Moya | /s/ Lydia Moya |
|---|---|---|
| Date | Printed Name | Signature |

4861-6809-2082, v. 1